IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,**

**Plaintiffs,**

**v.**

**S&P ELECTRIC, INC., an Illinois corporation,**

**Defendant.**

FILED: JUNE 12, 2008
08CV3388
JUDGE DARRAH
MAGISTRATE JUDGE COX
NF

**Case No.**

**COMPLAINT**

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Plaintiffs" or the "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy Carollo and Charles Ingrassia, for their Complaint against Defendant S&P Electric, Inc., state as follows:

**COUNT I**

**(Failure To Submit To An Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant S&P Electric, Inc., (the "Company") is an Illinois corporation. At all times relevant herein, the Company did business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short

form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicago Area Independent Contractors Association ("CAICA"), the Illinois Environmental Contractor's Association ("IECA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), the Illinois Small Pavers Association Fund ("ISPA"), and the Will-Grundy Industry Advancement Trust ("WGC") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11. Notwithstanding its obligations under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

   a. failed to submit its books and records to a requested audit for the period of April 1, 2005 forward, thereby depriving the Funds of information necessary to determine benefit contribution compliance and to administer the Funds; and

   b. failed to obtain and maintain a surety bond.

12. The Company's actions in failing to submit to an audit and to obtain and maintain a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement, the Participation Agreements and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, accumulated interest and accumulated liquidated damages, reasonable

attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant S&P Electric, Inc., as follows:

a. ordering the Company to submit its books and records to an audit for the period of April 1, 2005 forward;

b. ordering the Company to obtain and maintain a surety bond in accordance with the terms of the Agreement; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure To Submit To An Audit)**

14. Plaintiffs reallege paragraphs 1 through 13 of Count I.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit its books and records to a requested audit for the period of April 1, 2005 forward, thereby depriving the Union of information necessary to administer its operations.

17. Pursuant to the Agreement and federal common law, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, accumulated liquidated

damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order against Defendant S&P Electric, Inc., ordering the Company to submit its books and records to an audit for the period of April 1, 2005 forward and enter judgment against the Company for the amount of the union dues owed to date together with all liquidated damages, liquidated damages on late reports, accumulated liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

June 12, 2008

Laborers' Pension Fund, et al.

By: ______________________
Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL 60604
(312) 692-1540



**CONSTRUCTION & GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY**

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

[illegible] BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL [illegible] • PHONE: [illegible] • FAX: [illegible]

# INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between S&P Electric, Inc. ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. [illegible], together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. Recognition. The Employer, in response to the Union's request for recognition as the majority 9(a) representative of its Laborer employees, [illegible]

2. Labor Contract. The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the Builders Association of Chicago and Vicinity, [illegible]

3. Dues Checkoff. [illegible]

4. Work Jurisdiction. [illegible]

5. Fringe Benefits. [illegible]

6. Wages and Industry Funds. [illegible]

7. Contract Enforcement. [illegible]

8. Successors. [illegible]

9. Termination. [illegible]

10. Execution. [illegible]

Date: Aug. 5th, 20 03

ACCEPTED:
Laborers' Local Union No. One

By: [signature]

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature]
Frank Riley, President & Secretary-Treas.

By: [signature]
James P. Connolly, Business Manager

For Office Use Only: BAC-#

S+P Electric Inc.
(Employer)

FEIN No.: 364425571

By: Steve C. Fisher Director of Operations
(Print Name and Title)

[signature]
(Signature)

1705 Cortland Ct Suit #4
(Address)

Addison IL 60101
(City, State and Zip Code)

630-9168953 630-916-8957
(Telephone/Telefax)

WHITE - LOCAL UNION • CANARY - TRUST FUNDS • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

MC

339605

EXHIBIT

tabbies

A